Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>ÁNGEL JOEL TORRES TORRES<br><br>Apelante | TA2025AP00336 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Criminal Núm.:<br>J BD2024G0158<br>Sala: 506<br><br>Sobre:<br>Art. 204<br>Código Penal |
| --- | --- | --- |

Panel especial integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de mayo de 2026.

Comparece el señor Ángel Joel Torres Torres mediante recurso de apelación y solicita que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Ponce, emitida el 13 de agosto de 2025. En dicho dictamen, se condenó al apelante a cumplir tres (3) años de cárcel, más a pagar veintisiete mil quinientos dieciséis ($27,516.00) dólares de restitución. Por los fundamentos que expresaremos, confirmamos la *Sentencia* recurrida.

El 22 de octubre de 2024, el Ministerio Público acusó al señor Torres Torres de haberse comprometido a instalar dos (2) tanques sépticos y la construcción de una plazoleta en cemento, con el propósito de defraudar al cliente, el señor Ángel Mariano Gómez Rodríguez, por la cantidad de veinticinco mil ciento veinticinco ($25,125.00) dólares. Evaluada la prueba, el Tribunal de Primera Instancia dictó un fallo de

culpabilidad por infracción del Artículo 204 del Código Penal y sentenció al apelante a cumplir tres (3) años de cárcel, más un pago de veintisiete mil quinientos dieciséis ($27,516.00) dólares.

Insatisfecho, el apelante recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) encontrar culpable en virtud de una prueba que no derrotó la presunción de inocencia y mucho menos estableció la culpabilidad del apelante más allá de la duda razonable; y (2) dictar culpabilidad a pesar de que el Ministerio Público no logró probar los elementos del Artículo 204 del Código Penal. Presentada la oposición de la parte apelada, resolvemos.

Vale recordar que los tribunales apelativos deben deferencia hacia las determinaciones que realizan los juzgadores de primera instancia en cuanto a la prueba testifical presentada ante ellos. *Pueblo v. Negrón Ramírez*, 213 DPR 895 (2024) (citando a *Pueblo v. Arlequín Vélez*, 204 DPR 117 (2020)). Esto en cuanto que los juzgadores de primera instancia se encuentran en una mejor posición para evaluar, aquilatar y adjudicar la prueba presentada, especialmente cuando involucra prueba testifical u oral desfilada en el juicio. Íd. (citando a *Pueblo v. Toro Martínez*, 200 DPR 834 (2018); *Pueblo v. García Colón I*, 182 DPR 129 (2011); *Pueblo v. Bonilla Romero*, 120 DPR 92 (1987)). De esta manera, los juzgadores pueden oír y apreciar la forma que declararon los testigos, como su comportamiento. Íd. (citando a *Pueblo v. Toro Martínez*, *supra*; *Pueblo v. García Colón I*, *supra*; *Pueblo v. Maisonave Rodríguez*, 129 DPR 49 (1991)).

Por otro lado, nuestro ordenamiento dispone que ninguna persona será privada de su libertad o propiedad sin el debido proceso de ley, al igual que todo acusado en un proceso criminal gozará de la

presunción de inocencia. Art. II, Secs. 7 y 11, Const. ELA, LPRA, Tomo 1. Véase, también, Regla 110 de Procedimiento Criminal (34 LPRA Ap. I). Por tanto, y para rebatir la presunción de inocencia, se deberá presentar evidencia suficiente basado en el estándar de prueba más allá de duda razonable. Regla 110 de Procedimiento Criminal, *supra*.

Sabido esto, nuestro Código Penal dispone que toda persona que se comprometa a ejecutar cualquier tipo de obra y que, luego de recibir dinero como pago parcial o total para ejecutar dicho trabajo, incumpla con su obligación con el propósito de defraudar, será sancionada con pena de reclusión por un término fijo de tres (3) años. Art. 204 del Código Penal, 33 LPRA sec. 5274. Dicha intención de defraudar es elemento esencial del delito, ya que, sin ello, el Tribunal estaría ante un caso civil de incumplimiento de contrato. Libro de Instrucciones al Jurado, Secretariado de la Conferencia Judicial y Notarial, 2022, pág. 289 (citando a D. Nevares-Muñiz, *Código Penal de Puerto Rico*, 4.ª ed. rev., San Juan, Ed. Instituto para el Desarrollo del Derecho, 2019, pág. 327). Además, de la persona convicta ser una persona jurídica, ésta será sancionada con pena de multa hasta diez mil ($10,000.00) dólares. Íd. Además, el Tribunal adjudicador deberá ordenar a la persona convicta a resarcir a la parte perjudicada por el doble del importe del dinero recibido como pago parcial o total para ejecutar el trabajo contratado. Íd.

En el presente caso, el Tribunal de Primera Instancia actuó correctamente al emitir un fallo de culpabilidad contra el apelante. Del expediente se desprende el carácter esencialmente fáctico de la controversia, a partir de lo cual nos compete conceder deferencia a los

hechos aquilatados, ponderados y adjudicados por el Tribunal apelado. Asimismo, del expediente, incluyendo la transcripción atinente, se desprende que dicho Tribunal no solamente tuvo toda la información necesaria para evaluar el carácter intencional de las acciones del apelante, sino también que ejerció su discreción de manera fundamentada al interpretar dicha evidencia al sentenciar al peticionario según sus conclusiones. De hecho, el expediente remite a testigos y peritos tramitados como prueba que sostienen la convicción y no desvelan duda razonable.

Por los fundamentos expresados, confirmamos la *Sentencia* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones